## Anna Hirster, alias Hirscher, Appellee, v. Robert F. Strehmann, Appellant.

### Gen. No. 26,499.

1. BILLS AND NOTES—*ratification of signature.* In an action on a note signed by defendant's deceased wife and purporting to have also been signed by the defendant, in which defendant denied execution, *held* that the evidence was sufficient to show that, granting defendant did not personally sign his name to the note and that there was not sufficient evidence to show that prior to execution of the note he authorized his wife to sign the note for him, the preponderance of the evidence showed that defendant subsequently acknowledged the note as his promise to pay, and ratified and confirmed the signature thereon as his signature.

2. APPEAL AND ERROR—*admission of incompetent testimony in trial without jury as harmless error.* In an action on a note signed by defendant's deceased wife and purporting also to have been signed by defendant, in which the trial was without a jury, error in admitting testimony as to conversations with the wife during her lifetime was not prejudicial, because in a trial without a jury it is to be presumed that the court disregarded incompetent testimony, and where, eliminating the testimony as to such conversations, the remaining evidence was ample to sustain the finding for plaintiff.

Appeal from the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1920. Affirmed. Opinion filed November 29, 1921.

GEORGE STEINBRECHER, for appellant.

DENT, DOBYNS & FREEMAN, for appellee.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

On August 26, 1919, plaintiff caused a judgment by confession to be entered in her favor and against the defendant in the municipal court of Chicago, on a note for $1,200, dated July 24, 1918, payable to the order

of "Mrs. Hirscher," bearing interest at the rate of 6 per cent per annum, and purporting to be signed by the defendant and by his wife, Bertha Strehmann. On January 13, 1920, the court having set aside the judgment on defendant's motion, plaintiff filed an amended statement of claim, in which she alleged, in substance, that her claim against defendant was for money due upon the note, that said Bertha Strehmann was deceased, that the note was delivered to plaintiff on the day of its date, and that after said delivery defendant had confirmed and acknowledged the same as his promise to pay the sum therein mentioned. In his affidavit of merits defendant stated, in substance, that he did not execute the note or authorize anyone to execute or deliver the same in his behalf; that he did not receive any consideration therefor; that he never confirmed or acknowledged the same as his note; and that he was not indebted to plaintiff in any sum. On March 3, 1920, a trial was had before the court without a jury, at which plaintiff and two witnesses in her behalf testified, and defendant was the sole witness in his behalf. The court found the issues against defendant and assessed plaintiff's damages at the sum of $1,314, and entered judgment against defendant for said amount.

The evidence introduced on plaintiff's behalf showed that plaintiff, a washerwoman, had for 5 years prior to the date of the note lived with her husband in Chicago near the home of defendant and his wife; that in 1913 defendant, a bricklayer by occupation, purchased a piece of real estate, and to finance the transaction borrowed $3,000 from a bank to be paid off at the rate of $50 per month; that defendant's wife had charge of the money matters relating to his household and property; that commencing in 1914 and continuing from time to time thereafter, Mrs. Strehmann borrowed various sums of money from plaintiff; that when the sums borrowed amounted to $700 Mrs. Strehmann gave plaintiff a note for that amount signed by both

Mr. and Mrs. Strehmann to evidence the indebtedness; that Mrs. Strehmann from time to time thereafter borrowed further sums of money from plaintiff; that when these further sums amounted to $500, Mrs. Strehmann in July, 1918, gave plaintiff the judgment note in question for $1,200, signed by her and purporting to be signed by defendant, and received back the $700 note; that no part of the money loaned by plaintiff was ever delivered to defendant personally, although he was present on one occasion when plaintiff gave Mrs. Strehmann $20; and that on February 18, 1919, Mrs. Strehmann died. Plaintiff testified that about 2 weeks after Mrs. Strehmann's death defendant asked her how much he owed her and that she replied that he owed the amount of the judgment note, $1,200, and also an additional sum of $240, and that defendant replied that "it was all right," but that it was not then convenient for him to pay the indebtedness, yet if plaintiff wanted the money immediately he would procure it by selling his house; that about 2 months later plaintiff had another conversation with defendant, at which time the note was examined by him, and he said that, although the note was defective, he would pay it because he knew that plaintiff had "washed hard for it"; that on July 24, 1919, plaintiff had another conversation with defendant at which time he stated that he could not then pay the accrued interest, that although the note called for 6 per cent interest per annum he did not desire to pay over 5 per cent interest, and that if satisfactory he would give plaintiff $60 for interest within 2 weeks; that plaintiff replied that she "didn't care"; that shortly after the expiration of said 2 weeks, no payments having been made, plaintiff had a fourth conversation with defendant at which time plaintiff's husband was present; that at this conversation plaintiff demanded payment of the note, saying that she wished to use the money immediately for the purpose of going to Europe but

that defendant replied that he could not pay it until the following year; and that plaintiff did not again see defendant prior to entering the judgment by confession. Joe Hirster, plaintiff's husband, testified that about 2 weeks after the death of Mrs. Strehmann defendant told him that if plaintiff wanted the money which was due he would sell his house and pay it, and that in August, 1919, he and plaintiff demanded immediate payment of the note, saying that the money was then desired for a particular purpose, and that defendant replied that he had been trying to get money to pay it but could not. Mrs. Carl Metcalf, plaintiff's witness, who was a neighbor of both parties and who had also previously loaned money to Mrs. Strehmann, testified that defendant in a conversation had in October, 1919, relative to the money which he owed plaintiff, told her that the Hirsters "wanted their money" in order to go to the "old country." Defendant's testimony was to the effect that the signature "Robert Strehmann" on said note was not his signature, but that the signature "Bertha Strehmann" looked like the signature of his deceased wife; that he never saw the note until after his wife's death; that he never authorized his wife to sign his name to the note; that he never borrowed any money from plaintiff; and that he never told plaintiff that he would pay the note.

On the conflicting evidence we are of the opinion that the trial court was fully warranted in entering the finding and the judgment. Granting that defendant did not personally sign his name to the note and that there was not sufficient evidence to show that prior to the execution thereof he authorized his wife to sign the note for him, we think that it appears by a preponderance of the evidence that he subsequently acknowledged the note as his promise to pay and ratified and confirmed the signature thereon as his signature. In *Larsen v. Thuringia Amer. Ins. Co.*, 208 Ill. 166, 170, it is said: "The general rule seems

to be that one may ratify that which is done by another if he could have himself done the same thing in the first instance.'' In the case of *Walter v. Trustees of Schools,* 12 Ill. 63, which was an action against Walter and two others as joint makers of a promissory note, Walter, as did Strehmann in the present case, filed a verified plea denying that he had executed the note. The court said, in substance (p. 64), that the effect of the plea was to put the execution of the note in issue; that to maintain the issue on their part plaintiffs had only to prove that Walter was liable as maker for the payment of the note; that the proof showed that the signature was not in his handwriting; that, therefore, it was not his note *"unless* he had originally authorized his name to be subscribed as one of the makers, or, participating in the consideration and aware of the circumstances under which the note was made, he had subsequently ratified the unauthorized act of another in putting his name thereto''; that the trial judge was of the opinion from the facts of the case that Walter became a party to the note in one of these ways; and that the Supreme Court was not prepared to hold that he erred in coming to such a conclusion. In the present case we think it sufficiently appears that Strehmann participated in the consideration for which the note was given and must have been aware of the circumstances under which the same was executed.

Complaint is made that during the trial the plaintiff was allowed over objection to testify to certain conversations she had with Mrs. Strehmann during the latter's lifetime, as defendant's agent, in violation of the provisions of section 4 of the Act relating to Evidence and Depositions (Cahill's Ill. St. ch. 51, ¶ 4). Assuming that such conversations should have been excluded, we do not think that defendant was thereby prejudiced (1) because it is to be presumed that in a trial without a jury the court disregarded all incompe-

tent testimony; and (2) because, eliminating entirely plaintiff's statements as to what Mrs. Strehmann said at those conversations, the remaining evidence is ample, we think, to sustain the finding.

The judgment of the municipal court is affirmed.

*Affirmed.*

BARNES and MORRILL, JJ., concur.